DORE, Judge.
This is a suit by Arthur Kirkwood, individually and as administrator of the estate of his minor daughter, above the age of eighteen, against William J. McFarland, the father of James McFarland, an une-mancipated minor over eighteen years of age and residing with his father, wherein damages are claimed for the alleged rape of his daughter by the said minor son of the defendant.
The rape is alleged to have been committed on the night of February 8, 1946, at the Drive-In Theatre, located on the extension of Florida Street, in the Parish of East Baton Rouge, between the hours of nine and eleven o’clock, while the daughter of plaintiff and the son of defendant were on a “date” and were attendants or guests of the said theatre. We do not see the necessity of giving or setting out a synopsis of the many allegations of the lengthy petition of plaintiff.
The petition was met with an exception of no cause or right of action, which exception was referred to the merits, by agreement of counsel. This exception has been abandoned. Thereafter, the defendant filed an answer denying all the material allegations of the petition, and praying that the demands of plaintiff be rejected at his costs.
After trial of the case, the District Court rendered judgment in favor of the defendant, rejecting the demands of plaintiff at his costs. The plaintiff then appealed the case to the Supreme Court, which Court has remanded the case to our Court.
A review of the voluminous record in this case shows that it is filled with contradictory testimony and that much of said testimony is obviously false.
Miss Kirkwood testifies that while parked with her escort, James McFarland, in the Drive-In Theatre, he made four prolonged advances or assaults upon her during a period, on one hour or more. She states that after each assault, they would thereupon engage in conversation and look at the picture, and that on the fourth and fmal assault, he struck her on the head with his hand, rendered her unconscious, and when she recovered, she had been raped.
James McFarland, on the other hand, denies that he even so much as touched the young lady. It seems obvious that his testimony is not truthful, in the light of the *76 corroboration of the testimony of Miss ■Kirkwood. ■ ■ ■
Doctors Dial, McVea and Johnston all testified to the effect that upon examination of Miss Kirkwood, the morning after her alleged experience, they found evidence that she had hád sexual intercourse some 10 to 16 hours prior to said examination. It is also shown that the clothing of Janies McFarland and of Miss Kirkwood worn on the night they attended the Drive-In picture show, was examined by Dr. John M. Dan-neker, a chemist, and that he found thereon evidence of human blood and semen and spermatozoa..
From the medical testimony, it can well be concluded that Miss Kirkwood did have sexual intercourse with her escort, James McFarland, and it may also be concluded from their testimony that prior to this experience, she was a virgin.
However, from her testimony and a slight corroboration thereof by her mother and father and other relatives, it can hardly be concluded that the act of intercourse which took place between herself and James McFarland was, committed without her consent. It is difficult to understand how this young lady, above the age of 18, could have been raped by her escort, a young man also in his teens, in the manner she relates. In view of the fact that the procedure adopted by James McFarland, according to her testimony, involved four separate assaults, each lasting approximately 15 minutes, with an interlude between the first and second, second and third and the third and fourth assaults, it would seem that the young lady had ample opportunity, if she so desired, to have extricated herself from the situation in which she found herself. There she was, in a Drive-In Theatre, with other cars parked all around her, and it would have been a simple matter for her to have stepped out of McFarland’s car and advised her neighbors of what he was trying to do, or at least, to have called out for help. From her own testimony, it is obvious that he did not hold his hand over her mouth during this whole period, nor did he use any other action sufficient to prevent ¡her from protecting herself from attempted rape.
It also seems, from the testimony, that there was ■ considerable '• cooperation ' from her ill th'e removal of her heavy coat and her other articles of clothing.
If is also significant to note, that Her roommate, Miss' Lila Swartz, with whom, according to her testimony, she spent approximately five hours immediately following the alleged rape, and who advised her to see her parents, about it, refused to testify. At the time of .the trial she was a resident of Texas, and her testimony was sought by deposition, and although she was the roommate of Miss Kirkwood, as well as a member of the Kirkwood family, and had lived with her parents on several occasions, she simply refused to testify.
The testimony of Mr. and Mrs. Kirkwood and some of the other members of the Kirk-wood family with reference to ■ the' matter, was very unsatisfactory, including the testimony that James McFarland’s, father attempted to quash any possible suit or prosecution by offering them an unstated amount of money if they would do so. Apparently, the trial judge gave very little, if any, credence to their testimony, and we believe that he was correct.
It is also significant to note that the criminal angle of rape was submitted to several Grand Juries and that no true bill was ever returned, nor was a bill of information ever issued by the District Attorney against James McFarland.
The pertinent law applicable to the case is as follows:
“(Sec. 172) 2. Evidence — a. Presumptions and Burden of Proof. In an action for rape the burden is on plaintiff not only to show the fact of intercourse, but also to satisfy the jury that it was accomplished by force and against the 'female’s will.
“(Sec. 182) c. Weight and Sufficiency. In civil actions .for rape, the quantum of proof required is less than in criminal prosecutions for the offense. A preponderance of evidence is all that plaintiff is required to produce. Where the evidence does not show an assault or rape, or shows consent on the part of the woman, a verdict against defendant must be set aside. It is not necessary that plaintiff be corroborated, even *77 when this is required in a criminal' prosecution. Plaintiff’s failure to complain or 'delay in complaining is not conclusive against her right o'f 'recovery, hut is merely an important circumstance to go to the jury.” (Rape, 52 Corpus Juris, page 1133, et seq.)
We are fairly certain in our own mind that James McFarland performed the act of sexual intercourse , with Miss Kirk-wood on the night of February 8, 1946, and that such act of intercourse caused the injuries as detailed hy the doctors who testified in this case. The paramount question involved is whether the said act of intercourse was forcibly and illegally done, and whether the requirements of law proving such wrongful act have been met. Our answer to that question is in the negative, and we find no manifest error in the short conclusion of fact of the trial judge, which reads as follows: “Sufficeth- to say, that in the opinion of this Court, the plaintiff has failed to sustain the burden of proof.”
For these reasons, the judgment appealed from is affirmed.